RECEIVED
IN LAKE CHARLES, LA
JUN 1 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RYAN THOMAS | CIVIL ACTION NO. 09-0395 |
| VS. | JUDGE MINALDI |
| STATE FARM AUTOMOBILE INSURANCE CO., ET AL. | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Plaintiff to this action seeks damages resulting from a collision that occurred on December 28, 2008, between a vehicle driven by him and a tractor trailer allegedly owned by defendant Lamb Fuels, Inc. (Lamb Fuels) and driven by defendant William Toarmina. Doc. 1-2. Plaintiff also names as defendants his insurer, State Farm Insurance Company (State Farm), and the insurer of Lamb Fuels, Commerce and Industry Insurance Company (Commerce). *Id.* Plaintiff alleges the defendants are jointly, severally, and *in solido* liable for injuries and damages to them arising from the accident caused by defendants' fault and/or negligence. *Id.*

Plaintiff filed this action on January 29, 2009, in the Thirty-Third Judicial District Court, Allen Parish, Louisiana. *Id.* On March 11, 2009, defendant State Farm removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1. State Farm alleges that the amount in controversy is greater than $75,000. *Id.* State Farm further alleges that all defendants are diverse of citizenship from plaintiff. *Id.*

On April 13, 2009, plaintiff filed a Motion to Remand. Doc. 12. Plaintiff's Motion does not contest that the amount in controversy has been satisfied or that complete diversity exists in the case as removed. Instead, plaintiff bases his motion on the presumption that his case will be

1

consolidated with a related matter, *Cody Moreaux, et al. v. Commerce & Industry Insurance Co. et al.*, 2:09-cv-396. According to plaintiff, the two cases should be consolidated and remanded to state court for a lack of diversity. Doc. 11; Doc. 12.

Plaintiff alleges that in *Moreaux* complete diversity is lacking. Plaintiff further alleges that because the instant matter and the *Moreaux* case arise from the same incident, consolidation is proper. Doc. 11. However, in the *Moreaux* case, this court determined that the only non-diverse defendant, Ryan Thomas (plaintiff in this case), was improperly joined. Accordingly, plaintiff's Motion to Remand in that case was denied. 2:09-cv-396, doc. 24.

Based on the foregoing, even were this court to grant plaintiff's Motion to Consolidate these two matters, plaintiff's Motion to Remand in this case is without merit since complete diversity will remain after a consolidation. Thus, plaintiff's Motion to Remand [doc. 12] must be and IS DENIED.

In Chambers, Lake Charles, Louisiana, _____, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE